IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

FILED

JAN 1 5 2013

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

Alexandria Division

Reginald D. Banks, )
    Petitioner, )
     )
     )
v.      )        1:12cv1398 (TSE/IDD)
     )
Harold Clarke, )
    Respondent. )

## MEMORANDUM OPINION

Reginald D. Banks, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the revocation of a term of probation imposed after he pleaded guilty to possession of heroin. By Order dated December 12, 2012, petitioner was directed either to apply to proceed in forma pauperis in this action or to pay the filing fee required by 28 U.S.C. § 1914(a), and to show cause why this petition should not be barred from federal review due to his procedural default of his claim. In response to the Order, petitioner has paid the filing fee, and has submitted an affidavit regarding the issue of procedural default. After careful review, this petition must be dismissed as procedurally barred.

Petitioner states that he was convicted of possession of heroin pursuant to a plea of guilty in the Circuit Court for the City of Portsmouth on February 15, 2007, and received a suspended sentence. Pet. at 1. The suspension was revoked on February 9, 2011, and petitioner currently is incarcerated as a result. Id. Petitioner took a direct appeal to the Court of Appeals of Virginia,, but his appeal was denied on September 7, 2011. Pet. at 2. Banks v. Comm., R. No. 0351-11-1 (Va. Ct. App. Sept. 7, 2011). The Supreme Court of Virginia refused a petition for further appeal on January 11, 2012. Banks v. Comm., R. No. 111773 (Va. Jan. 1, 2012); Pet. Aff., Ex. A.

Petitioner then turned to the Supreme Court of Virginia and presented the same claim he makes here in a petition for a state writ of habeas corpus filed on or about July 5, 2012.[1] Pet. at 6 - 7. On August 9, 2012, the Court entered an Order which held:

> Finding that the petition for writ of habeas corpus was not timely filed, the Court dismisses said petition in the above-styled case. Code § 8.01-654 (A) (2).

Banks v. Dir., Dep't of Corrections, R. No. 121154 (Va. Aug. 9, 2012); Pet. Aff., Ex. B. Petitioner filed the instant application for § 2254 relief from the order revoking his probation on November 22, 2012,[2] arguing that the state court exceeded its authority and violated his constitutional rights in doing so.

Petitioner's claim is barred from federal review as a result of the Supreme Court of Virginia's express finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a

---

[1]The filing date was obtained at the website of the Supreme Court of Virginia.

[2]A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that his § 2254 application was delivered to prison authorities for mailing on November 22, 2012. Pet. at 15.

fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

In response to the Order of December 12, petitioner has submitted an affidavit in which he argues that the Supreme Court of Virginia erred in finding his claim procedurally defaulted. Petitioner reasons that because less than one year elapsed between the conclusion of the direct appeal of his probation revocation in January, 2012, and the filing of his state habeas corpus petition in July, 2012, the Court misinterpreted Va. Code § 8.01-654 (A) (2). However, petitioner overlooks the fact that he is challenging the outcome of a Virginia revocation proceeding, and "[t]he limitation period for habeas corpus petitions challenging revocation hearings is one year after the cause of action accrues. Code § 8.01-654 (A) (2)." Booker v. Dir., Dep't of Corrections, 727 S.E.2d 650 (Va. June 8, 2012). Such a cause of action accrues on the date the circuit court enters the order directing the petitioner's detention. Id. Since the order revoking petitioner's probation in this case was entered on February 9, 2011, Pet. at 1, and his state habeas corpus application challenging that action was not filed until July 5, 2012, his argument here that the Virginia Supreme Court misapplied § 8.01-654 (A) (2) in finding his claim to be time-barred is without merit. As petitioner makes no further attempt to show cause and prejudice or a fundamental miscarriage of justice stemming from the state court's determination of procedural default, cf. Harris, 489 U.S. at 260, that finding also must be applied here. Accordingly, this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this ___15th___ day of ___January___ 2013.

Alexandria, Virginia

/s/
_____
T. S. Ellis, III
United States District Judge

3